UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Shahid Jamal,**

      **Plaintiff,**

      v.

**Michael Chertoff, Secretary of the
Department of Homeland Security;
Robert S. Muller, III, Director of
Federal Bureau of Investigation; Emilio
T. Gonzalez, Director of United States
Citizenship and Immigration Services
(USCIS); and Paul E. Novak Jr.,
District Director of USCIS Vermont;**

      **Defendants.**

**Civil No. 06-4932 (DSD/SRN)**

**REPORT AND RECOMMENDATION**

Plaintiff Shahid Jamal, pro se

Robyn A. Millenacker, Esq., Office of the United States Attorney, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, for Defendants

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter comes before the undersigned United States Magistrate Judge on Defendants' Motion to Dismiss (Doc. No. 7). This case has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the motion be granted and that this case be dismissed without prejudice.

## I.   BACKGROUND

Plaintiff Shahid Jamal is a citizen of India. He is presently in the United States on an H-1B work visa. On November 18, 2004, Plaintiff filed a Form I-131, Application for Travel, with the United States Citizenship and Immigration Service (USCIS). While the application was pending, Plaintiff's mother-in-law in India became very ill. Plaintiff pressed for adjudication of his I-131 application, to no avail. Plaintiff therefore filed this case on December 19, 2006, seeking to compel the USCIS to process the application. On March 20, 2007, the USCIS approved Plaintiff's application.

Defendants now move to dismiss this action with prejudice because the particular controversy pled in the Complaint is moot. Plaintiff concedes that the issue of his I-131 application is moot. He will not agree to dismissal with prejudice, however, because he has applied for several other visas, and he is concerned that dismissal with prejudice of the current action will foreclose his ability to return to federal court if the other applications are delayed or denied. As Plaintiff also concedes, the other applications are not a part of this action.

## II.   DISCUSSION

The relief requested by Plaintiff in the Complaint is the adjudication of his I-131 application filed on November 18, 2004, and Plaintiff concedes that this issue is moot. Plaintiff does not contest the propriety of dismissal, and the Court agrees that dismissal of this case is appropriate.

The sole question before the Court is whether dismissal should be with or without prejudice. Dismissal with prejudice operates as an adjudication on the merits and bars a party from returning to a court with the same claim. Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001)

(citation omitted).  Conversely, dismissal without prejudice means that the party is not barred from returning to a court with the same claim.  <u>Id.</u> (citation omitted).

Deciding whether this case should be dismissed with or without prejudice requires a brief discussion of subject matter jurisdiction and mootness.  "Federal courts only have jurisdiction to hear actual cases and controversies." <u>County of Mille Lacs v. Benjamin</u>, 361 F.3d 460, 463 (8th Cir. 2004) (citing U.S. Const. art. III, § 2, cl. 1).

> Occasionally, due to the passage of time or a change in circumstance, the issues presented in a case will no longer be "live" or the parties will no longer have a legally cognizable interest in the outcome of the litigation. When such changes prevent a federal court from granting effective relief, the case becomes moot.

<u>Ark. AFL-CIO v. Fed. Commc'ns Comm'n</u>, 11 F.3d 1430, 1435 (8th Cir. 1993) (citations omitted).  Mootness is a jurisdictional bar.  <u>Id.</u>; <u>see also</u> <u>Charleston Hous. Auth. v. United States Dep't of Agric.</u>, 419 F.3d 729, 739 (8th Cir. 2005) ("Questions of mootness are matters of subject matter jurisdiction . . . .").  A case dismissed for lack of subject matter jurisdiction may not be dismissed with prejudice, <u>Benjamin</u>, 361 F.3d at 464, because a dismissal for lack of jurisdiction is not an adjudication on the merits, <u>In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.</u>, No. 05-1708 (DWF/AJB), 2007 WL 2028137, at *1 (D. Minn. May 9, 2007).

In the present case, Plaintiff's claim is moot, which divests the Court of subject matter jurisdiction.  As the Court has not reached the merits of the claim, dismissal may not be with prejudice.  Whether Plaintiff will return to federal court to challenge the November 18, 2004 application, or any other application, is simply irrelevant.  Accordingly, this case should be dismissed without prejudice.

3

### III.     RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss (Doc. No. 7) be **GRANTED**, and this case be **DISMISSED WITHOUT PREJUDICE**.


Dated:  August 8, 2007

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by August 23, 2007**,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.